IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:18-CR-00050-JDK |
| v. § | |
| § | |
| § | |
| KYLE DWAYNE LAZA § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 24, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kyle Dwayne Laza. The government was represented Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. On May 30, 2019, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 50 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On March 4, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on October 4, 2022, February 7, 2023, March 20, 2023, April 21, 2023, and October 4, 2023, when he submitted urine specimens that tested positive for methamphetamine, a controlled substance. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade B violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 16 months imprisonment with no supervised release to follow. In support of a two month downward departure from the advisory guideline range, the parties cited Defendant's consistent employment, his acknowledgement of his methamphetamine addiction and the lack of any evidence that Defendant had trafficked methamphetamine. After considering the parties' arguments, the court finds the recommended departure appropriate for the cited reasons.

The court therefore **RECOMMENDS** that Defendant Kyle Dwayne Laza's plea of true be accepted and he be sentenced to 16 months imprisonment with no supervised release to follow.

The court further **RECOMMENDS** that Defendant serve his sentence at FMC Ft. Worth, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 24th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE